# AMENDED EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ALLAN ASKRENS, ROBERT L. BENNETT,** and **SHAWN BOSCHERT,** on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> **PALLET LOGISTICS OF AMERICA, LLC, d/b/a PLA,** <br><br> Defendant. | Case No. 3:25-cv-00008-S |

**JOINT DECLARATION OF CLASS COUNSEL TERENCE R. COATES, RAINA BORRELLI, AND DANIEL SROURIAN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

We, Terence R. Coates, Raina Borrelli, and Daniel Srourian declare as follows:

1. We are Class Counsel[1] for the Settlement Class in the above-captioned case. This Declaration supports Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement.

2. Unless otherwise noted, we have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

3. Pallet Logistics of America, LLC d/b/a PLA is a leading provider of recycled pallets and pallet-management services headquartered in Dallas, Texas.[2]

4. On September 6, 2024, PLA discovered that an unauthorized third party had accessed its computer network. As a result of the Data Incident, the cybercriminals were able to access and acquire the Private Information of its current, former, and prospective employees. PLA notified its

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II of the Settlement Agreement.

[2] See Second Amended Consolidated Class Action Complaint. Dkt. No. 28.

customers of the Data Incident and that over 18,264 people's Private Information, including Social Security numbers.

5. Following a thorough investigation into how the Data Incident happened and what information was involved, on November 12, 2024, Defendant began sending notice letters to potentially affected persons that their Private Information may have been involved in the Data Incident.

6. Commencing on November 21, 2024, with the filing of Plaintiff Askrens' complaint, PLA was named in 3 putative related actions. The actions were materially and substantively identical, had overlapping claims, sought to represent the same putative class members, and arose out of the same Data Incident.

7. In addition to consolidating the actions, the Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, Raina Borrelli of Strauss Borrelli PLLC, and Daniel Srourian of Srourian Law Firm, P.C. as Class Counsel for the Settlement Classes in the Preliminary Approval Order.

8. On April 29, 2025, Plaintiffs filed their Second Amended Consolidated Class Action Complaint, alleging causes of action for Negligence, Negligence Per Se, Breach of Implied Contract, Unjust Enrichment, Violation of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.150, and Declaratory Judgment. Dkt. No. 28.

9. Class Counsel prepared written discovery, including interrogatories, document requests, and a comprehensive Fed. R. Civ. P. 30(b)(6) notice. Class Counsel also consulted with multiple data liability and damage experts to understand how the breach occurred, the type of information involved, and whether the information was published on the Dark Web.

10. In an effort to conserve resources for all concerned, the Parties then decided to focus

their resources on exploring early resolution. They then scheduled a mediation with the Honorable W. Royal Furgeson, Jr. (Ret.), an experienced data breach mediator.

11. In advance of the mediation, Plaintiffs consulted with liability and damage experts to better understand how the Data Incident occurred and the injuries caused to the affected individuals. Plaintiffs also propounded informal discovery requests to learn as much as possible to prepare for mediation, and PLA provided certain information in response to facilitate meaningful negotiations. The Parties also exchanged mediation briefs outlining their positions with respect to liability, damages, and settlement-related issues.

12. The Parties mediated for a full day on April 21, 2025. Although an agreement was not reached that day, they continued negotiating for the next weeks, and following a mediator's proposal the Parties agreed to the material terms of the Settlement disposing of all claims against the Defendant.

13. Over several weeks, the Parties interviewed prospective Settlement Administrators and diligently drafted, negotiated, and finalized the Agreement, Notice Program, and Claim Process. The Agreement was signed on June 9, 2025, and Plaintiffs filed their unopposed Motion for Preliminary Approval the same day.

14. The Settlement calls for Defendant to establish a non-reversionary all cash $635,000.00 Settlement Fund to settle this Action, which will be used to pay (1) all Settlement Class Member Benefits; (2) all Settlement Administration Costs; (3) any Service Awards to Class Representatives; and (4) any attorneys' fees and costs awarded to Class Counsel.

15. All Settlement Class Members may select two years of Credit and Identity Monitoring for up to $1,000,000.

16. Additionally, all Settlement Class Members may submit Claims electing to receive

Cash Payment – Documented Losses (up to $5,000.00 for documented losses, subject to pro rata adjustment) or Pro Rata Cash Payment ($50.00 flat cash payment, subject to pro rata adjustment). California Settlement Subclass Members may elect an additional estimated $50.00 California Statutory Payment, subject to pro rata adjustment.

17. PLA agrees that it has, and will continue to, undertake reasonable steps to further secure its systems and environments.

18. The Releases in the Agreement are narrowly tailored to the claims made in the Action.

19. The Parties did not discuss attorneys' fees and costs or Service Awards until after they reached agreement on all material Settlement terms.

20. The Settlement was reached in the absence of collusion and is the result of good faith, informed, and arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues at stake.

21. Although Plaintiffs believe the claims asserted in this Action are meritorious and the Settlement Class would ultimately prevail at trial, continued litigation poses significant risks that make any recovery for the Settlement Class uncertain. Defendant has compelling defenses.

22. Plaintiffs approve of the Settlement's terms, as do Class Counsel, based on their deep experience litigating data privacy class actions and other complex litigation. The Settlement's fairness is underscored by consideration of the obstacles that the Settlement Class would face in ultimately succeeding on the merits, as well as the expense and likely duration of the litigation.

23. While Plaintiffs are confident in the merits of their claims, the litigation risks cannot be disregarded. Besides the risk of losing at trial, Plaintiffs anticipate substantial additional costs if litigation continues, including expert witness fees and discovery. Plaintiffs would need to defeat a motion to dismiss, counter a later motion for summary judgement, and both gain and maintain

certification of the Settlement Class, with a near inevitable interlocutory appeal attempt. To date, to Class Counsel's knowledge, no data breach class action has been tried.

24. Despite the risks involved with further litigation, the Settlement provides outstanding benefits, including Cash Payments and Credit Monitoring, for all Settlement Class Members.

25. The Settlement guarantees the Settlement Class real relief for harms from the Data Incident and protections against potential future fall-out. The Settlement Class Member Benefits provided under the Agreement are consistent with, and in fact exceed, those in other approved settlements, including in data privacy class actions.

26. The Settlement does not improperly discriminate between any segments of the Settlement Class.

27. Class Counsel worked closely with the Settlement Administrator to effectuate the terms of the Settlement and Notice Program, consistent with the Preliminary Approval Order.

28. The Notice Program was implemented in compliance with the Agreement and the Preliminary Approval Order, and the Claim Process is ongoing. The Notice Program was designed to satisfy Federal Rule of Civil Procedure 23(c)(2)(B), the Manual for Complex Litigation, and due process.

29. The Claim Process and distribution of Settlement Class Member Benefits is fair, convenient, and effective. The Claim Process was structured to give all Settlement Class Members adequate time to review the Settlement terms, submit their Claims, and decide whether to opt-out of or object to the Settlement.

30. Claim Forms (submitted by mail or online) are due to the Settlement Administrator by the Claim Form Deadline, which is October 16, 2025. The Claim Form is in plain language for easy completion and the overall process is straightforward.

31. Settlement Class Members will promptly receive Cash Payments by electronic means or paper check issued by the Settlement Administrator. Those Settlement Class Members who elect Credit Monitoring will receive emails with account activation codes.

32. Class Counsel are pleased with the current Settlement class participation rate. With a month left before the Claim Form Deadline, Class Counsel anticipate the number of Claims will continue to increase.

33. Although the Parties entered into a Settlement relatively early in litigation, the Settlement negotiations were hard-fought, and the Parties expended significant time and energy on this Action. This Action has been thoroughly investigated by counsel experienced in data privacy and class action litigation. Moreover, Class Counsel's informal exchange of discovery and good-faith negotiations has ensured a fair, reasonable, and adequate Settlement.

34. It is Class Counsel's opinion, based on the experience detailed below, that the Settlement is a fair, reasonable, and adequate resolution of Plaintiffs' and the Settlement Class's claims.

35. Plaintiffs were appointed as Class Representatives in the Preliminary Approval Order. The Settlement calls for reasonable Service Awards for the Class Representatives of up to $3,000 each. The Service Awards are intended to compensate Class Representatives for their efforts on the Settlement Class's behalf.

36. Class Representatives have ably represented the Settlement Class and have been instrumental in assisting Class Counsel throughout this proceeding. Class Representatives initiated and remained in contact with Class Counsel; assisted in the investigation of the Action; reviewed and approved the pleadings in this case and the Agreement; supervised and monitored Class Counsel, remaining available for consultation throughout the negotiation process; and provided

background documents and followed the progress of this litigation to ensure the Settlement Class received the best recovery possible given the particular circumstances and risks of the Action. Class Representatives are committed to continuing to assist Class Counsel through and following Final Approval.

37. All Settlement Class Members and the Class Representatives are potentially affected by the same Data Incident, and thus have common interests. Class Representatives have the same interest in the Settlement relief, and the absent members of the Settlement Class have no diverging interests.

38. After agreeing to the Settlement's material terms, Class Counsel negotiated attorneys' fees and costs as part of the total Settlement Class Member Benefits. Class Counsel seek a $209,550.00 attorneys' fees award (just under one-third of the Settlement Fund) under the Fifth Circuit's percentage of the fund method, and reimbursement of $6,666.48 for reasonable litigation costs. The forms of Notice advised the Settlement Class of these intended requests.

39. As the Court considered at the Preliminary Approval Stage, Class Counsel are highly qualified and have a great deal of experience litigating complex consumer class actions, including in the data privacy context. See Class Counsel's resumes attached as Exs. 1-3 to Dkt. No. 38. This experience proved beneficial to Plaintiffs and the Settlement Class during Settlement negotiations.

40. Class Counsel have vigorously pursued the Settlement Class's interests in securing a Settlement bringing immediate, valuable benefits, while avoiding the risks of continued litigation. To do so, Class Counsel relied on their experience in data breach litigation, their detailed investigation of this particular Action, and informal discovery exchanged in connection with settlement negotiations.

41. Class Counsel have not been paid for their extensive efforts in securing the Settlement

for the Settlement Class, or reimbursed for litigation costs advanced or incurred. Class Counsel took this case on a contingency basis unaware if they would get paid for their attorneys' fees or costs advanced. Class Counsel assumed the risk of this engagement and worked diligently and efficiently to obtain a substantial result.

42. Class Counsel's coordinated work paid dividends for the Settlement Class. Each of the above-described efforts was essential to achieving the Settlement. Class Counsel's time and resources devoted to prosecuting and settling this Action justify the requested attorneys' fee.

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on October 14, 2025, in Cincinnati, Ohio.

*/s/ Terence R. Coates*
Terence R. Coates

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on October 14, 2025, in Minneapolis, Minnesota.

*/s/ Raina Borrelli  (by T.R. Coates with authority)*
Raina Borrelli

I declare under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on October 14, 2025, in Beverly Hills, California.

*/s/ Daniel Srourian  (by T.R. Coates with authority)*
Daniel Srourian, Esq.