# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ALLAN ASKRENS, ROBERT L. BENNETT, and SHAWN BOSCHERT, Individually and on behalf of All Others Similarly Situated | § § § § § | |
| v. | § § | CIVIL ACTION NO. 3:25-CV-0008-S |
| PALLET LOGISTICS OF AMERICA, LLC d/b/a PLA | § § § | |

## ORDER

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion") [ECF No. 40]. The motion is unopposed by Defendant and there have been no objections to the Settlement. The Court has considered the Motion and supporting declarations and the Settlement Agreement ("S.A.") [ECF No. 33-1] dated June 9, 2025, along with the exhibits attached thereto. In addition, the Court has considered the arguments of counsel, the pleadings, and record in this case. The Court determines good cause exists to grant the Motion for Final Approval, and it is hereby **GRANTED**.

PLA "is a leading provider of recycled pallets and pallet-management services" headquartered in Dallas, Texas. *See* Second Amended Class Action Complaint ("SAC"), [ECF No. 28] ¶¶ 1, 10. As a result, it collects and stores the personal information of thousands of its current, former, and prospective employees, including names, Social Security numbers, and driver's license or state identification card numbers (referred to as "Private Information"). *Id.* ¶¶ 2, 14-15; S.A. ¶ 1.29.

On September 6, 2024, PLA discovered that an unauthorized third party had accessed its computer network. SAC ¶ 21. As a result of the Data Incident, the cybercriminals were able to

1

access and acquire the Private Information of its current, former, and prospective employees. *Id.* Plaintiffs are former and/or prospective employees of PLA, as well as victims of this Data Incident. *Id.* ¶¶ 66-67, 69, 77-78, 80, 87-88, 90. PLA denies both these allegations and that Plaintiffs and Settlement Class Members are entitled to any relief.

Thereafter, commencing on November 21, 2024, with the filing of Plaintiff Askrens's petition in Dallas County, Pallet Logistics of America LLC d/b/a PLA (*Askrens*), was named in three total putative related actions in Texas state court with the other two cases being *Bennett v. Pallet Logistics of America, LLC* (*Bennett*), and *Broschert v. Pallet Logistics of America, LLC* (*Broschert*). Askrens was then removed from Texas state court to this Court: No. 3:25-0008-S. *Broschert* was also removed from Texas state court to this District: No. 3:25-0030-B. *Bennett* was dismissed from Texas state court. *Broschert* was dismissed via a stipulated dismissal. An amended complaint was then filed in *Askrens* (this case) adding Plaintiffs Broschert and Bennett, who remain the class representatives before this Court for purposes of this Settlement.

On April 29, 2025, Plaintiffs filed their SAC, alleging causes of action for Negligence, Negligence Per Se, Breach of Implied Contract, Unjust Enrichment, Violation of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.150, Declaratory Judgment. On March 5, 2025, the Court issued a Mediation Order. *See* ECF No. 22. Parties then scheduled a mediation with the Honorable W. Royal Ferguson, Jr. (Ret.), an experienced data breach mediator. The Parties mediated for a full day on April 21, 2025. Although an agreement was not reached that day, they continued negotiating and following a mediator's proposal, the Parties agreed to the material terms of the Settlement disposing of all claims against the Defendant. Over several weeks, the Parties interviewed prospective Settlement Administrators and diligently drafted, negotiated, and finalized the Agreement, Notice Program, and Claim Process. The Agreement was signed on

June 9, 2025, and Plaintiffs filed their unopposed Motion for Preliminary Approval the same day. *See* ECF No. 33.

The Court entered its Preliminary Approval Order on June 18, 2025, which, *inter alia*, (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action, and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, Raina Borrelli of Strauss Borrelli PLLC, and Daniel Srourian of Srourian Law Firm, P.C. as Class Counsel; (5) appointed Atticus Administration, LLC as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Process and Claim Form; and (8) set the Final Approval Hearing date.

Thereafter, in accordance with the Court's Preliminary Approval Order, Notice was provided to the Settlement Class by Postcard Notice and the Long Form Notice, as well as the Settlement Website and the Settlement Class member toll-free telephone line.

On October 28, 2025, the Court held a Final Approval Hearing to (1) determine whether to finally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(1); (2) determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate, and in the best interests of the Settlement Class and should be approved; (3) affirm the appointment of Class Counsel, Class Representatives, and the Settlement Administrator; (4) consider the Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards; and (5) to hear and consider other matters as appropriate with regard to the Settlement.

Based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other records and proceedings in this case,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Final Approval Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this Order have the same meanings as those set forth in Section II of the Agreement.

2. The Court has jurisdiction over the case and to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1332(d) and 1367.

### Class Certification and Final Approval of the Settlement

3. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4. The terms of the Agreement are fair, adequate, and reasonable. In so finding, the Court has considered the Rule 23(e)(2) factors and the Fifth Circuit's traditional factors from *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), keeping in mind the strong presumption in favor of finding the Settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement.").

5. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was appropriate under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all those entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure

23 and all other applicable law and rules. The Claim Process is also fair, and the Claim Form is easily understandable.

6.     Based on the information presented to the Court, the Claim Process has proceeded consistent with the Agreement and the Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7.     The distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

8.     The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

9.     Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10.    All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

11.    The appointment of Plaintiffs as Class Representatives is affirmed.

12.    The appointment of Terence R. Coates of Markovits, Stock & DeMarco, LLC, Raina Borrelli of Strauss Borrelli PLLC, and Daniel Srourian of Srourian Law Firm, P.C as Class Counsel is affirmed.

13. The Court reaffirms the appointment of Atticus Settlement Administration LLC as the Settlement Administrator.

14. The Court affirms its findings that the Settlement Class meets the relevant requirements of Rule 23(a) and (b)(3) for only the purposes of the Settlement in that (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections or opt-outs to the Settlement, indicating an wholly positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

15. Therefore, the Court finally certifies the following Settlement Class and its California Settlement Subclass are defined as follows:

> Settlement Class: All individuals residing in the United States whose Private Information was maintained on Defendant's computer systems that were compromised in the Data Breach discovered by Defendant in or about September 2024 (the "Class").

> California Settlement Subclass: All individuals residing in California whose Private Information was maintained on Defendant's computer systems that were compromised in the Data Breach discovered by Defendant in or about September 2024 (the "California Subclass").

Excluded from the Settlement Class are Defendant's officers and directors, and any entity in which Defendant has a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

16. Judgment shall be entered dismissing the Action with prejudice, on the merits.

17. As of the Effective Date,[1] and in exchange for the relief described in the Agreement, the Releasing Parties shall automatically be deemed to have fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any federal or state statutory or common law claims arising out of or relating to the allegations or the Data Incident.

18. With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge it is possible that losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into the Agreement, and a portion of the consideration and the mutual covenants contained therein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code

---

[1] Under paragraph 1.14 of the Settlement Agreement, Effective Date is defined as "the date when the Settlement Agreement becomes final, which is thirty-one (31) days after the Court's grant of final approval, assuming no appeals are filed."

(to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

19. The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims. Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

20. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable

in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

21. All Settlement Class Members shall be bound by this Order.

22. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted-out or any other person subject to the provisions of this Final Approval Order.

23. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

24. The Court hereby retains and reserves jurisdiction over (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

25. If any funds remain in Qualified Settlement Fund after distribution, the Residual Funds will be sent to one or more Non-Profit Residual Recipient, subject to Court approval.

For the reasons stated herein, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement is **GRANTED**. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED.**

SIGNED October 31, 2025.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE